UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CORNELIUS CLARK,

          **Plaintiff,**

     **v.**                             **Civil Action 2:20-cv-4174**
                                          **Judge Michael H. Watson**
                                          **Magistrate Judge Chelsey M. Vascura**

DAVID W. GRAY,

          **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an inmate at Belmont Correctional Institution ("BCI") in Belmont County, Ohio, brings this civil rights action under 42 U.S.C. § 1983 against Defendant David W. Gray, Warden of BCI, alleging that he was subjected to sexual harassment in violation of the Eighth Amendment. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF

No. 1.)  Plaintiff is required to pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that he currently has $18.61 in his prison account, which is insufficient to pay the filing fee.  Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate # A763629) at BCI is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court.  28 U.S.C. § 1915(b)(2).  *See Bruce v. Samuels*, 136 S. Ct. 627 (2016).

Checks should be made payable to: Clerk, United States District Court.  The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

2

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

According to the Complaint, on December 17, 2019, Plaintiff had a verbal altercation with BCI Corrections Officer Wooding.   Plaintiff alleges that he asked Wooding for some tape and Wooding responded with a string of homophobic slurs.  Plaintiff states that he followed prison grievance procedure by filling a complaint under the Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601 *et seq.*, but that his complaint was dismissed as unfounded after a brief investigation.   Plaintiff alleges that the investigator, Investigator Haley, failed to follow proper procedures in the investigation.  Construing his Complaint broadly, Plaintiff alleges that Warden Gray is responsible for the behavior of both Wooding and Haley under a failure-to-train theory. Plaintiff asserts that Warden Gray knew about Wooding's alleged cruel behavior toward inmates. Plaintiff further alleges that Warden Gray's failure to implement better training constitutes deliberate indifference and, therefore, violates his Eighth Amendment right to be free from cruel and unusual punishment.  Plaintiff seeks monetary relief, specifically $25,000 in compensatory damages for mental suffering and $25,000 in punitive damages.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e) as part of the

3

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> > \*        \*        \*
>
> (B) the action or appeal--
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550

4

U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III.

Having conducted an initial screening of Plaintiff's Complaint, the undersigned **RECOMMENDS** dismissal of Plaintiff's action. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495

(6th Cir. 2009) (internal quotation omitted).  Plaintiff's Complaint fails to provide sufficient factual content or context from which the Court could reasonably infer that Defendant Warden Gray was personally involved in any violation of Plaintiff's rights.  Rather, Plaintiff alleges that Warden Gray knew of prior complaints about Wooding and should have taken some action to prevent harm.  Plaintiff also alleges that Warden Gray's "policy of deliberate indifference" caused Inspector Haley to carry out only a cursory investigation of Plaintiff's grievance.  Neither allegation is enough for § 1983 liability.  *See Pugh v. Erdos*, No. 1:19-CV-245, 2020 WL 2395566, at *7 (S.D. Ohio May 12, 2020) ("[T]he allegation is merely that the Warden generally knew of a potential risk that could potentially result in harm of some kind at some point in time, and should have done more to prevent that possible harm.  That is not enough for personal liability.").  In addition, the Court is unable to discern what actions Warden Gray took that could suffice to form the basis of a plausible claim under § 1983.  For these reasons, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2).

## IV.

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 1) is **GRANTED**.  In addition, it is **RECOMMENDED** that the Court **DISMISS** his claim pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

6

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

 /s/ *Chelsey M. Vascura*　　　　　　
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

7